30 F.3d 131
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Dean COX, Defendant-Appellant.
 No. 93-5922.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 23, 1994.
Decided: July 20, 1994.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden II, Chief District Judge. (CR-93-164)
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Asst. Federal Public Defender, Charleston, WV, for appellant.
 Rebecca A. Betts, U.S. Atty., John C. Parr, Asst. U.S. Atty., Charleston, WV, for appellee.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Larry Dean Cox appeals the fourteen-month sentence he received on his guilty plea to conspiracy to distribute morphine and meperidine hydrochloride (Demerol), 21 U.S.C.A. Sec. 846 (West Supp.1994). He contends that his sentence violated due process and his rights under Fed.R.Crim.P.32 in that the district court failed to give him prior notice of its reason for imposing sentence at the high end of the guideline range. We affirm.
 
 
 2
 Cox's girlfriend, Sharon Williamson, worked as a nurse in a hospital and saved syringes for him which had been used to administer morphine and Demerol to patients. The needles contained a small residue of narcotic which would normally have been discarded. Cox traded the syringes for marijuana which he sold. He also gave a little marijuana to Williamson.
 
 
 3
 There were no contested issues at Cox's sentencing hearing. His guideline range was 8-14 months. In imposing sentence at the top of the range, the district court remarked that it regarded the crime as "very exploitative" of Williamson, who pled guilty to a charge which is not specified in the materials presented on appeal. Cox argues on appeal that the court must have been referring to information presented at Williamson's sentencing hearing concerning her alcoholism and her efforts at rehabilitation, and that he was therefore denied notice of information to be used against him and an opportunity to challenge it.
 
 
 4
 An appeals court has no jurisdiction to review a challenge to the sentencing court's discretionary decision to sentence a defendant at the high end of the guideline range, United States v. Jones, 18 F.3d 1145, 1150-51 (4th Cir.1994). However, a claim that sentence was imposed in violation of law may be reviewed. 18 U.S.C. Sec. 3742(a) (1988). Due process forbids a sentence based "on information whose accuracy a defendant has not had a fair opportunity to challenge." United States v. Inglesi, 988 F.2d 500, 502 (4th Cir.1993). The defendant thus is entitled to an opportunity to comment on matters relating to the appropriate sentence. Fed.R.Crim.P.32(a).
 
 
 5
 Cox's claim assumes that the district court decided that he had exploited Williamson because of information presented at Williamson's sentencing hearing. He has submitted an affidavit from his attorney at sentencing which states that counsel learned after Cox was sentenced that evidence of Williamson's alcoholism was presented during her sentencing hearing, and the attorney concludes that this information was the basis of the court's comment. The record is devoid of any actual evidence that the district court relied on information unknown to Cox. The description of his offense in the presentence report was sufficient reason for the district court to have believed that Cox exploited Williamson. At one meeting with a confidential informant, Cox stated in Williamson's presence that he made 110% profit on the drugs he sold because Williamson stole them, and that he only had to give her a little marijuana to keep her going. We find that Cox has not shown that any violation of due process or of statutory rights occurred.
 
 
 6
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED